IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DALLAS MCINTOSH, #B85115**<br><br>               **Plaintiff,**<br><br>v.<br><br>**BRET M. RICH,**<br><br>               **Defendant.** | **Case No. 22-cv-00177-SPM** |

# MEMORANDUM AND ORDER

## McGLYNN, District Judge:

On September 9, 2022, Dallas McIntosh ("McIntosh"), an inmate at Western Illinois Correctional Center[1] ("WICC") in Mount Sterling, Illinois, filed an amended complaint against Bret M. Rich (Doc. 18). This matter is again before the Court pursuant to 28 U.S.C. § 1915(e)(2) which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

---

[1] McIntosh was incarcerated at Lawrence Correction Center when the pleading was filed; however, on December 7, 2022, he notified the Court of a change of his address (Doc. 19).

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint was dismissed without prejudice on June 6, 2022; however, McIntosh was granted leave to amend (Doc. 13). Specifically, the complaint did not survive threshold review because McIntosh failed to state a claim upon which relief may be granted (*Id.*).

The amended complaint is very similar to the dismissed complaint; indeed, a comparison shows that there are no differences until page 21, paragraph 87 (Doc. 18). McIntosh also attaches two exhibits to the amended pleading, one of which is a Motion for Leave to File the Amended Complaint and which is unnecessary as leave was previously granted by this Court[2] (Doc. 13, p. 4).

Within the amended complaint, McIntosh again asserts two claims: (1) Breach of Fiduciary Duty; and, (2) Intentional Infliction of Emotional Distress (Doc. 18). These claims are predicated on Rich being retained by McIntosh to represent him on a motion to withdraw a guilty plea in an underlying criminal matter in the Twentieth Judicial District, St. Clair County, Illinois, *People of the State of Illinois v. Dallas F. McIntosh,* 2012-CF-1432. Specifically, McIntosh asserts that "Rich intentionally and/or willfully allowed Mettes to escape impeachment as to a matter that Rich knew was critical to Plaintiff proving that the plea had been involuntary and unintelligent in nature and therefore warranted the reversal of both Plaintiff's conviction and sentence" (Doc. 18, ¶ 86).

---

[2] Although the Amended Complaint was to be filed by July 7, 2022, this Court granted an extension of time to September 6, 2022 (Doc. 17).

Jurisdiction in this case is based upon diversity of citizenship, 28 U.S.C. § 1332(a), with McIntosh being an Illinois resident and Rich being a Missouri resident. As such, the Court applies state "substantive" law but federal "procedural" law. *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938).

1. **Legal Malpractice**

To state a claim for legal malpractice under Illinois law, a plaintiff must plead the following elements: "(1) an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that 'but for' the attorney's malpractice, the plaintiff would have prevailed in the underlying action; and (4) actual damages." *Rocha v. Rudd*, 826 F.3d 905, 909 (7th Cir. 2016); *Tri-G, Inc. v. Burke, Bosselman & Weaver et al,* 222 Ill.2d 218 (2006). Additionally, the limitations and repose period applicable to actions for legal malpractice states as follows:

> "(b) An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services or (ii) against a non-attorney employee arising out of an act or omission in the course of his or her employment by an attorney to assist the attorney in performing professional services must be commenced within 2 years from the time the person bringing the action knew or *reasonably should have known* of the injury for which damages are sought." 735 ILCS 5/13-214.3(b).

Notwithstanding the forgoing, most courts have adopted a more stringent standard where the underlying action was criminal. See *Walker v. Kruse,* 484 F.2d 802, 804 (7th Cir. 1973). In other words, while a civil plaintiff must prove that "but for" his attorney's negligence he would have prevailed in the underlying action, a

criminal plaintiff must establish his factual innocence of the charges made against him in the underlying prosecution. *Id.* This is to eliminate the possibility that someone who has been found guilty of a crime would profit from his criminal activity. *Kramer v. Dirksen,* 695 N.E.2d 1288, 1290 citing *Levine v. Kling,* 123 F.3d 580, 582 (tort law allows damages only for harms to a plaintiff's legally protected interests and the liberty of a guilty criminal is not one of them). The actual innocence requirement for former criminal defendants who become malpractice plaintiffs has been applied in Illinois at least since 1998, and it is a requirement that cannot be met unless his conviction has been overturned. *Id.*

While it is true that McIntosh had an attorney-client relationship with Rich, there is no additional evidence to support his claim of legal malpractice. Indeed, on January 30, 2020, the Fifth District of the Illinois Appellate Court was fairly clear when it stated, "[t]he defendant has not shown actual innocence or a plausible defense to these charges, and nothing in the record indicates a reasonable probability that defendant would not have pled guilty but for his claimed errors." *The People of the State of Illinois v. Dallas McIntosh,* 2020 IL App (5th) 170068 (June 2, 2020).

In addition to not being able to state a claim for legal malpractice, this Court continues to have concerns as to whether this claim was brought within the applicable statute of limitations. The hearing McIntosh addresses occurred on December 8, 2016 and the Order regarding said hearing was filed on January 17, 2017. McIntosh was present at the hearing and witnessed what he now claims was the malpractice committed by Rich. At the very latest, he should have known of Rich's alleged

malpractice when the Order of January 17, 2017 denied his requested relief. This case was filed on January 28, 2022, more than five (5) years later and well beyond the applicable two (2) year limitation.

### 2. Intentional Infliction of Emotional Distress

McIntosh begins his second claim against Rich on page 27 of the amended petition (Doc. 18, p. 27). Under Illinois law, "[t]he tort of intentional infliction of emotional distress requires proof of four elements: (1) extreme and outrageous conduct; (2) intent or recklessness to cause emotional distress; (3) severe or extreme emotional distress suffered by the plaintiff; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006) (citing *Pub. Fin. Corp. v. Davis*, 360 N.E.2d 765, 767–68 (Ill. 1976)).

Conduct is extreme and outrageous under Illinois law only if it goes "beyond all bounds of decency [so as to] be considered intolerable in a civilized community"; "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not arise to the level of extreme and outrageous conduct required to support a claim for emotional distress. *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (quoting *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988)). "Whether conduct is extreme and outrageous is judged on an objective standard, based on the facts of the particular case." *McGrath*, 533 N.E.2d at 810–11; *see also Honaker*, 256 F.3d at 491–92.

Illinois courts generally consider three non-exclusive factors to decide whether conduct is objectively extreme and outrageous in particular cases. See *id.* at 490–92 (collecting cases). First, courts examine the degree of power or authority the defendant holds over the plaintiff. *Id.* at 490–91. Second, courts consider whether the defendant knew the plaintiff was particularly susceptible to emotional distress and acted inappropriately despite that knowledge. *Honaker,* 256 F.3d at 492. Third, courts consider "whether the defendant reasonably believed that his objective was legitimate; greater latitude is given to a defendant pursuing a reasonable objective even if that pursuit results in some amount of distress for a plaintiff." *Id.* at 491, citing *McGrath,* 127 Ill.Dec. 724, 533 N.E.2d at 810.

While it is uncontroverted that Rich represented McIntosh at the motion hearing to withdraw his guilty plea in the underlying criminal matter, McIntosh's claims that Rich's failure to follow his directions in impeaching Mettes and not arguing the Feldman-principles caused the denial of the motion are untrue. Rich, as a criminal defense attorney, has discretion in how he wishes to present both evidence and argument, and he also has a duty not to present a frivolous argument. *See United States v. Rezin,* 322 F.3d 443, 443 (7t Cir. 2003). Clearly, Rich's actions were neither extreme nor outrageous. Furthermore, Judge Robert Haida in his Order of January 17, 2017 that denied McIntosh's motion even stated, "Whether or not the defendant actually saw the video of the events leading up to the traffic stop is of no consequence." (Doc. 18-1). The appellate court agreed, and further found that McIntosh failed to establish that the withdrawal of the guilty plea was necessary to correct a manifest

injustice. *People v. McIntosh*, 2020 IL App (5th) 170068 (June 2, 2020). Indeed, defendant was unable to show actual innocence or a plausible defense to the charges. *Id.*

## DISPOSITION

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the Court **DISMISSES** this Complaint with prejudice for failure to state a cause of action.

**IT IS SO ORDERED.**

**DATED:** February 6, 2023

/s/ Stephen P. McGlynn
STEPHEN P. McGLYNN
U.S. District Judge